UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID VENTURA REYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00109-MPB-MKK |
| | ) | |
| SAM OLSON FIELD OFFICE DIRECTOR OF | ) | |
| ENFORCEMENT AND REMOVAL | ) | |
| OPERATIONS, CHICAGO FIELD OFFICE, | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

David Ventura Reyes petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Ventura Reyes's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Ventura Reyes entered the United States from Mexico as a teenager in 1990. He has resided in the United States continuously since then. Dkt. 1 ¶ 39.

ICE officers arrested Mr. Ventura Reyes in 2013 and initiated removal proceedings. However, the government administratively closed those proceedings in 2018. Dkt. 9-1 at 3. ICE encountered Mr. Ventura Reyes again in February 2025 but did not keep Mr. Ventura Reyes in custody. *Id.*

In February 2026, Mr. Ventura Reyes was arrested by local authorities in Tippecanoe County. ICE issued a detainer, and an immigration official issued an administrative warrant

"command[ing]" that Mr. Ventura Reyes be arrested pursuant to 8 U.S.C. § 1226. Dkt. 9-1 at 2; dkt. 9-2 at 2.

Mr. Ventura Reyes entered ICE custody on October 27, 2025. Dkt. 9-1 at 2. He has been detained since then and is currently at the Clay County Jail. Mr. Ventura Reyes has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Ventura Reyes argues that his continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process clause. He argues that he must be immediately released from detention or, in the alternative, granted a bond hearing. The respondents answer that the INA not only authorizes but requires the government to detain Mr. Ventura Reyes through the conclusion of his removal proceedings.

The Court finds that Mr. Ventura Reyes's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants Mr. Ventura Reyes's petition in part and denies it in part.

### A.     8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also

2

known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates

3

an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Ventura Reyes's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Ventura Reyes's detention is authorized by § 1226(a). This makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Ventura Reyes who have lived in the interior of the United States for years. *See, e.g.*, *Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades

4

of prior statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

The respondents here cite contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 9 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.  In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.[1]

Moreover, the undisputed facts demonstrate that Mr. Ventura Reyes's detention must be authorized by § 1226(a) rather than § 1225(b). Before his most recent arrest, Mr. Ventura Reyes lived in the United States for 35 years. The record reflects that he had multiple encounters with immigration officials during that time but never was detained. And, when the government eventually took Mr. Ventura Reyes into custody, it did so through an administrative warrant citing

---

[1] After this matter was fully briefed, the Eighth Circuit decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

§ 1226(a) as the basis for his arrest and detention. The government's actions and its paperwork reflect that Mr. Ventura Reyes's detention is authorized by § 1226(a). It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

**C.    Scope of Relief**

Mr. Ventura Reyes is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Ventura Reyes argues principally for immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Ventura Reyes maintains— and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Ventura Reyes's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

**D.    Remaining Claims**

Because the Court has found that Mr. Ventura Reyes's detention violates the INA, it does not reach his argument that his detention violates the Fifth Amendment. *See Thomas v. Illinois*,

697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Ventura Reyes has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks immediate release. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Dated: March 31, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Alush Kola
Law Offices of Al Kola
alkolalaw@yahoo.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov